**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Lionel Fowler,            ) | No. CV 12-628-PHX-JAT |
|                                 ) | |
| Plaintiff,       ) | **ORDER** |
|                                 ) | |
| vs.                             ) | |
|                                 ) | |
| Social Security Administration; Social ) | |
| Security Administration Office of ) | |
| Hearings and Appeals,           ) | |
|                                 ) | |
| Defendants.      ) | |
|                                 ) | |

Plaintiff filed his "Motion for Emergency Appeal" (Doc. 15) on June 19, 2012. The Court construes this as a Motion for Reconsideration, and now rules on the Motion.

**I.   BACKGROUND**

Plaintiff David Lionel Fowler filed a Complaint on March 23, 2012. (Doc. 1). In that Complaint, Plaintiff appears to allege that Defendants improperly denied him social security benefits. He also appears to allege that Berrien County Probate Court (mentioned but not named in the Complaint) improperly concealed records of his adoption.

This Court granted Plaintiff in forma pauperis status on March 27, 2012, and ordered Plaintiff to return documents necessary for service to the Clerk's office within 30 days. (Doc. 6). When Plaintiff failed to comply, the Court ordered Plaintiff to appear before the Court to show cause why this case should not be dismissed. (Doc. 9). The Court dismissed the case when Plaintiff did not attend the hearing, scheduled for May 21, 2012. (Doc. 11). Plaintiff

now argues that difficult living circumstances led to problems with receiving mail, and that this warrants reconsideration of dismissal. (Doc. 15).

## II.  LEGAL STANDARD

Although Plaintiff did not indicate which Federal Rule of Civil Procedure governed his Motion, a motion for reconsideration is appropriately brought under either Rule 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). If a motion for reconsideration is filed more than twenty-eight days after judgment, it will be construed as a Rule 60(b) motion for relief from a judgment or order. *See Coyaso v. Bradley Pac. Aviation, Inc.*, CIV. 11-00267 JMS, 2012 WL 1883718 (D. Haw. May 21, 2012); citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (same rule under the pre-amendment ten day limit). The Court may grant a 60(b) motion for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) a void judgment; (5) a satisfied, released or discharged judgment, or (6) "extraordinary circumstances" which would justify relief.  Fed. R. Civ. P. 60(b); *see Fuller*, 950 F.2d at 1442 (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)).

## III.  ANALYSIS

Plaintiff's argument that his circumstances justify reconsideration could conceivably fall only under the first or sixth reasons. If Plaintiff's neglect in failing to comply with the Court's Order was excusable, reconsideration is appropriate. "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). Plaintiff does not present any evidence relevant to the four factors. *Cf. id.* at 1224 (failure to discuss any of the factors could be grounds for denial of relief). Moreover, balancing the equities, relief would be inappropriate given Plaintiff's repeated failure to comply with the Court's orders.

Relief under the sixth reason requires a finding of "extraordinary circumstances."

*McConnell v. MEBA Med. & Benefits Plan*, 759 F.2d 1401, 1407 (9th Cir. 1985). This case is not one of extraordinary circumstances and, accordingly, the Court will not reconsider its prior Order.

**IV.   CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's Motion for Reconsideration. (Doc. 15).

**IT IS FURTHER ORDERED** that because this case is closed, all other pending motions (including Doc. 17) are denied as moot.

DATED this 10th day of July, 2012.

James A. Teilborg
United States District Judge